FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 APR 11  AM 10 00

STEPHAN HARRIS, CLERK
CHEYENNE

Allen Gardzelewski, WBS No. 5-2167
CORTHELL AND KING, P.C.
221 S. 2nd Street
P.O. Box 1147
Laramie, WY 82073-1147
(307) 742-3717
(307) 742-5641 (facsimile)
alleng@wyoming.com

Robert R. Brunelli (*pro hac vice* pending)
Patricia Y. Ho (*pro hac vice* pending)
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
(303) 863-9700 telephone
(303) 863-0223 facsimile
rbrunelli@sheridanross.com
pho@sheridanross.com
litigation@sheridanross.com

Attorneys for Plaintiff  University of Wyoming

---

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNIVERSITY OF WYOMING,<br><br>        Plaintiff,<br><br>v.<br><br>POINTE AT UW, LLC,<br>a limited liability company, and<br>POINTE AT UW CONSTRUCTION, LLC,<br>a limited liability company,<br><br>        Defendants. | Civil Action No. *13 CV 82 - F* |

**COMPLAINT FOR IMMEDIATE AND PERMANENT INJUNCTIVE RELIEF**

For its Complaint against Defendants Pointe at UW, LLC and Pointe at UW Construction, LLC (collectively "Defendants"), Plaintiff University of Wyoming (the "University") states and alleges:

## I. BACKGROUND

1.      The University, established in 1886, is the only four-year public institution of higher education in the State of Wyoming. Currently the University provides undergraduate and graduate education programs to over 13,000 students from all 50 states and more than 90 countries. As part of its educational mission, the University also provides housing for its students. All of the University's services are offered under and in connection with a variety of trade and service marks which are so well known that they have become famous in the State of Wyoming and the Rocky Mountain region.   These marks include UNIVERSITY OF WYOMING, U.W. and UW.

2.      Defendants are Wyoming limited liability companies ("LLCs"), which are believed to be owned by an out-of-state holding company. Upon information and belief, the company, Criterion 3 LLC, forms relationships with others to develop housing units located near prestigious universities, setting up local LLCs to market, lease and manage those housing units. A number of those LLCs use the word "Pointe" as part of their company name, with the other part of that name typically being a mark associated with the local university. It is unknown whether other educational institutions are troubled by such blatant infringement. However, the University is troubled by this type of conduct in Laramie, Wyoming. It is highly likely that University students believe the housing units being leased under the name "Pointe at UW" are

2

affiliated and/or sponsored by the University, when in fact such is not the case. This likely confusion causes the University real and irreparable harm. Specifically, the University is losing control of its identity, reputation, and its ability to control the quality of the living accommodations and services being offered under its name. If this situation is allowed to persist, the University's reputation will be placed in the hands of corporate entities who do not have any interest in educating students or providing them with a healthy and safe learning and housing environment. Rather the entities are primarily interested in corporate profits.

3.      Defendants cannot claim that they are unaware of the University's position on this matter. The University has contacted the Defendants verbally and in writing on multiple occasions since Fall, 2012. The University requested that the Defendants discontinue all use of the University marks. Defendants have ignored the demands, and more recently have asked the University to continue to wait for a response. Meanwhile, the marketing of the Defendants' housing units continues unabated, using the University's marks and goodwill in order to entice students to sign rental agreements. It appears that the Defendants may have adopted a delaying strategy in order to fully lease their facilities while capitalizing on the University's marks and goodwill without being hindered by any legal process. If the Defendants' housing units are substantially leased under the "Pointe at UW" name, it will not be possible to undo the damage caused by the activity.

4.      Thus, to protect students from being confused and certainly to protect the goodwill of the University and of its marks from being diminished, the University brings this Complaint for service mark infringement and service mark dilution. Importantly, the University

seeks only preliminary and permanent injunctive relief, as the damages it has and will continue to suffer are reputational in nature and thus often very difficult to quantify. A motion for preliminary injunctive relief will be filed shortly, along with a request for expedited briefing, argument and decision.

## II. THE PARTIES

5.      The University is an accredited educational institution having an address of 1000 E. University Avenue, Laramie, Wyoming 82071.

6.      Upon information and belief, Defendant Pointe at UW, LLC is a limited liability company organized under the laws of the State of Wyoming and having a principal address of 325 West Huron Street, Suite 412, Chicago, Illinois 60654.

7.      Upon information and belief, Defendant Pointe at UW Construction, LLC is a limited liability company organized under the laws of the State of Wyoming and having a principal address of 325 West Huron Street, Suite 412, Chicago, Illinois 60654.

## III. JURISDICTION AND VENUE

8.      The Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1125 and 1121(a) of the Lanham Act and 28 U.S.C. §§ 1331 and 1338(a). In the case of the claims for relief arising under state law, this Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1338 (b) and 1367 and the doctrine of supplemental jurisdiction in that the claims are substantial and related to the federal trademark claim and form part of the same case and controversy.

9.      Defendants are subject to personal jurisdiction in this judicial district because they reside in this District and regularly transact business within the State of Wyoming. Defendants

have also committed tortious acts within this State, as set forth herein, such that they reasonably knew and/or expected that they could be brought into Court as a consequence of such activity. Accordingly, this forum is fair and reasonable.

10.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to the claims occurred within this District and Defendants were and are subject to personal jurisdiction in the District at the time the action was commenced.

### IV. THE UNIVERSITY'S HISTORY AND TRADEMARK RIGHTS

11.     The University was founded in 1886, and opened its doors in September 1887 to forty-two students and five faculty members as an academic institution focused on the arts and humanities.  Since its founding, the University has grown into a major teaching and research university, with over 13,000 students.  Currently, the University is the only four-year university in the State of Wyoming, with seven colleges, which include the colleges of agriculture and natural resources, arts and sciences, business, education, engineering and applied sciences, health sciences, and law.  Indeed, in the last 125 years, the University has become widely known as one of the nation's top colleges and universities and is ranked in the *US News & World Report*, *Forbes*, and *Princeton Review*.

12.     In addition to its educational services, the University offers a variety of intramural athletic programs and also 17 National College Athletic Association-sanctioned athletic programs, including basketball, cross country, golf, men's soccer, swimming and diving, tennis, indoor track and field, outdoor track and field, volleyball and wrestling.

13.    The University also acts as a cultural hub, providing its students and the surrounding community with a variety of extracurricular and entertainment activities, including the University of Wyoming Art Museum, the University of Wyoming Geological Museum and its cultural programs which bring music, theater, dance, and performances by artists from all over the world.

14.    Further still, the University Outreach School offers more than 30 degree, certificate and endorsement programs to distance learners.  The Outreach School has nine regional centers across the state, providing a university education to Wyoming residents without requiring residents to relocate to Laramie, Wyoming.

15.    In sum, since the University's inception more than 125 years ago, the University has become the most well-known and immediately recognizable higher educational institution in the State of Wyoming.  In conjunction with its ubiquitous status in the State of Wyoming, the University of Wyoming has also become widely known by the short-hand designation of "UW". In fact, the University's own website uses the short-hand designation of "UW" in connection with its educational and entertainment services.  (True and correct copies of relevant website pages are attached hereto as Exhibit 1 and are herein incorporated by reference.)  The University has also used the mark "UW" on a number of University-themed clothing items and accessories. (True and correct copies of website pages of merchandise bearing the "UW" mark are attached as Exhibit 2 and are incorporated herein by reference.)

16.    Moreover, as part of its educational services and as is typical with most major four-year universities, the University offers living options for its students.  These include

residence halls for incoming University freshmen, the Bison Run Village apartment complex, the Landmark Village complex, the River Village complex, and the Spanish Walk complex.   The University also uses its short-hand designation "UW" in connection with these services.  (True and correct copies of relevant documents reflecting the identified University living options are attached hereto as Exhibit 3 and are herein incorporated by reference.)  The University has provided student housing services since the early 1900's.

17.     Accordingly, due to the University's long-standing, extensive and exclusive use in connection with its goods and services, the marks "The University of Wyoming", "University of Wyoming", and "UW" have acquired distinctiveness in the minds of the relevant public and have become well-known in identifying the University's services and goods.   Furthermore, the University has built and maintained substantial goodwill and secondary meaning in the mark "UW" in connection with its services, including residential services offered to its students.

18.     In recognition of the University's rights in its marks "The University of Wyoming", "University of Wyoming", "U.W." and "UW", the State of Wyoming has granted the University registrations for the following marks:

| Mark | Reg. No. | Reg. Date | Goods & Services |
|------|----------|-----------|------------------|
| UNIVERSITY OF WYOMING | 1989-000252096 (WY) | Jan. 4, 1989 | Four year state university, educational institution |
| U.W. | 1989-000252097 (WY) | Jan. 4, 1989 | Four year state university, educational institution |
| THE UNIVERSITY OF WYOMING EQUALITY 1886 & Design | 1989-000252098 (WY) | Jan. 4, 1989 | Four year state university, educational institution |
|  | 2001-000426725 (WY) | Nov. 8, 2001 | Education and entertainment |

(collectively referred to as the "UW Family of Marks"). (True and accurate copies of the registrations and renewals, if applicable, for the UW Family of Marks are attached hereto as Exhibits 4-7 and are incorporated herein by reference.)

19.     Through widespread and favorable acceptance and recognition, the mark "UW" and the UW Family of Marks have become distinctive marks and assets of substantial value to the University as symbols of its services and community goodwill. The University has expended significant money, time and effort in advertising and promoting its services offered in connection with the mark "UW" and the UW Family of Marks throughout the state of Wyoming. By virtue of such efforts, the mark "UW" and the UW Family of Marks have become associated in the minds of Wyoming residents, including current University students, with the University and

8

extensive and valuable goodwill has been built up in the mark "UW" and the UW Family of Marks.

20.    For these above reasons, the marks "University of Wyoming" and "UW" have become famous in at least the state of Wyoming and were famous in Wyoming prior to any use of these marks by Defendants.

21.    For the same reasons, including longstanding continuous use, advertising and promotion of goods and services, and extensive community support and involvement, in association with the marks "University of Wyoming", "U.W." and "UW", and the public acceptance and awareness of the marks "University of Wyoming", "U.W." and "UW", the marks have acquired distinctiveness, signifying the University and its respective goods and services.

## V. DEFENDANTS' INFRINGING CONDUCT AND NOTICES

### A.    Defendants' Business

22.    Upon information and belief, Defendants operate and manage an apartment complex now being built in Laramie, Wyoming.  Upon information and belief, the apartment complex to be operated and managed by Defendants is called "The Pointe at UW" and Defendants incorporate the marks "University of Wyoming" and "UW" in their advertising and marketing.  Upon information and belief, Defendants use the domain name "www.pointe-uw.com" for a website that markets the complex.

23.    Upon information and belief, Defendants' apartment complex is designed for and marketed to University students.

24.     In addition to the college-tailored lifestyle amenities, upon information and belief, Defendants are also active on social media to target potential college residents.   Upon information and belief, Defendants operate a Twitter account, @ThePointeatUW, which also incorporates the mark "UW".  The profile of this account states, "Construction has begun on the newest and nicest student housing at The University of Wyoming in Laramie, WY."  Here, Defendants explicitly describe these apartments as "student housing" and imply that the complex is associated with the University, when in fact that is not the case.  Defendants' Twitter account also advertises open house events, contests to win furnishings, tickets to entertainment events, and also pictures of the apartment amenities.  (A true and correct copy of a screenshot from the Twitter account of Defendants, @ThePointeatUW, is attached hereto as Exhibit 8 and is incorporated herein by reference.)

25.     Upon information and belief, Defendants purposely target University students as customers for their apartments through use of University marks.  For instance, some advertising of the apartments features a banner or flag prominently bearing the mark "The University of Wyoming".  (*See* Exhibit 16, p. 7, *infra*, ¶ 32.)  In another example, the mark "UW" is prominently included in title "The Pointe at UW", which is prominently displayed in advertising brochures.  (A true and correct copy of the advertising brochure is attached hereto as Exhibit 9 and is incorporated herein by reference.)   Defendants also advertise on their webpage, www.pointe-uw.com, "How can you make the most out of your college experience?" and include the mark "UW" in the domain name.  (A true and correct copy of a screenshot of Defendants' website, www.pointe-uw.com, is attached hereto as Exhibit 10 and is incorporated by reference.)

26.     Upon information and belief, Defendants also operate a Facebook page, www.facebook.com/pointe.atuw.  The page advertises on-campus events, free giveaways, and photos of the complex and the apartments.  (True and correct copies of screen shots of Defendants' Facebook page are attached hereto as Exhibit 11 and are incorporated herein by reference.)

27.     Further still, upon information and belief, an integral part of Defendants' marketing is the use of the "UW" mark in their advertising and promotion of "The Pointe at UW".  Defendants use the mark "UW" in their clothing shirts, uniforms, posters, pens, office materials, flags, signage, and Craigslist® ads.  (True and correct copies of screenshots and photographs of such goods incorporating the "UW" mark are attached hereto as Exhibits 12 and 13 and are incorporated herein by reference.)

28.     In summary, Defendants' marketing strategy clearly appears to be to tout apparent association with the University to get University students to lease and reside in their apartments through, in part, use of the University's marks.  Through these practices, Defendants' use of "The Pointe at UW" for their student housing complex suggests an affiliation with or sponsored by the University, when there is none, including the widely known "UW" short-hand designation to provide that immediate recognition by the University students in need of housing.

### B.     The Current Dispute

29.     Upon information and belief, in September 2012, Defendants placed an advertisement in the Laramie local newspaper *Boomerang* for "The Pointe at UW".  The advertisement stated that "The Pointe at UW" was located within one mile of the University of

Wyoming campus and marketed as a "student housing property". (A true and accurate copy of the advertisement is attached hereto as Exhibit 14 and is incorporated herein by reference.)

30.     The University was concerned that students or the general public would associate "The Pointe at UW" with the University. In September of 2012 Chris Boswell, the University Vice President for Government and Community Affairs, had an informal discussion with counsel for the Defendants, requesting that Defendants refrain from using the trademark "UW" in "The Pointe at UW" and in advertising of their services. Defendants refused.

31.     On February 28, 2013, the University sent Defendants a cease and desist letter, reiterating its concerns regarding the likelihood that confusion as to affiliation and sponsorship would be created with the University by Defendants' unauthorized use of "UW" and/or "University of Wyoming". No response from Defendants was received. (A true and accurate copy of this letter is attached hereto as Exhibit 15 and is incorporated herein by reference.)

32.     On March 21, 2013, the University, through its licensing representative, the Collegiate Licensing Company ("CLC"), again sent Defendants a cease and desist letter. (A true and correct copy of the letter is attached hereto as Exhibit 16 and is incorporated herein by reference.) Mr. Nicolas, Defendants' counsel, responded to this letter by telephone, indicating that Defendants had no intention of stopping use of the mark "UW", representing that the mark "UW" was geographically descriptive and thus free for all to use. The mark "UW" is primarily a reference to the University as an institution, not a geographic location. The geographic location of Laramie, Wyoming may be identified in many ways without the use of "UW" or other marks of the University. Defendants later contended that the mark "UW" was included as part of their

corporate name and business identity to differentiate themselves from another property, "The Pointe at MSU", which is apparently located in Mississippi, but operated by the same holding company that operates Defendants. (*See* Exhibit 9, p. 1.) Further, the alleged need to differentiate Defendants' property from other properties does not inherently require use of the University's marks to do so. Defendants have not provided the University with any valid arguments in defense of their use of the "UW" mark.

33.    Defendants' use of the mark "UW" is identical to the University's "UW" mark and also confusingly similar to the UW Family of Marks. Defendants' use of "UW" is identical in appearance and meaning to the University's famous marks.  Upon information and belief, Defendants' selection and adoption of the mark "UW" in "The Pointe at UW" and its associated advertising and goods was calculated purposefully to usurp the goodwill and reputation that the University has labored to develop, nurture and protect for over 125 years.

34.    The University's rights in and to the mark "UW" are superior to Defendants' rights by virtue of the University's long standing and continuous prior use and the state registrations of the "U.W." mark and the UW Family of Marks.

35.    Defendants are not affiliated with, associated with, or sponsored by the University.  Defendants do not own the rights to use any of the University's UW Family of Marks, nor have they been authorized or licensed by either the University or CLC to use any of the University's UW Family of Marks, including the "UW" mark.  Defendants continue to advertise and solicit online and in print their housing services through "The Pointe at UW" to the University's students, using the mark "UW".  Defendants' promotion and use of the mark "UW"

are likely to give rise to the mistaken belief that Defendants' goods and services are sponsored, endorsed or somehow affiliated with the University.

36.     Confusion or mistake as to the affiliation of Defendants' property with the University may cause significant irreparable damage to the University.   The leasing and management of student housing can give rise to a variety of problems, including property damage, involvement of law enforcement and medical personnel due to parties and behavioral issues, as well as crime and security issues. Problems of this type (the list of which is practically endless) at Defendants' complex would negatively impact the University's reputation if falsely associated with the University as a result of the use of University marks.

## VI. FIRST CLAIM FOR RELIEF
### (Unfair Competition Under 15 U.S.C. §1125(a), § 43(a) of the Lanham Act)

37.     The University incorporates paragraphs 1-36 above as though fully set forth herein.

38.     Defendants offer and continue to offer in commerce services under the name "The Pointe at UW".

39.     Upon information and belief, Defendants willfully selected and adopted the name "The Pointe at UW" to trade on the University's goodwill and reputation. Defendants' actions have created a likelihood of consumer confusion as to the affiliation, connection or association of themselves with the University and as to the origin, sponsorship or approval of Defendants' services with or by the University.

14

40.     Defendants' unauthorized use of the name "The Pointe at UW", in connection with the marketing and provision of residential student leasing services in commerce is a violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Defendants continue to use the name "The Pointe at UW" with full knowledge of the University's superior rights, but without authorization from the University.  Defendants' tortious acts constitute willful and deliberate unfair competition under 15 U.S.C. § 1125(a) and are in willful and wanton disregard of the University's established and superior rights.

42.     The University has been and continues to be harmed irreparably by Defendants' unlawful actions and the University has no adequate remedy at law.

### VII. <u>SECOND CLAIM FOR RELIEF</u>
**(Wyoming Trademark Infringement Under Wyo. Stat. § 40-1-111)**

43.     The University incorporates paragraphs 1-42 above as though fully set forth herein.

44.     Defendants' actions constitute infringement of at least the University's Wyoming State Registration 1989-000252097 and thus violate Wyo. Stat. § 40-1-111.

45.     Upon information and belief, Defendants adopted and continue to use the name "The Pointe at UW" with full knowledge of the University's superior rights, but without its authorization.  Defendants' tortious acts are intended to cause confusion and thus a violation of Wyo. Stat. § 40-1-111 and are in willful and wanton disregard of the University's established and superior rights.

46.     The University has been and continues to be harmed irreparably by Defendants' unlawful actions and the University has no adequate remedy at law

## VIII. <u>THIRD CLAIM FOR RELIEF</u>
### (State Dilution Under Wyo. Stat. § 40-1-115)

47.     The University incorporates paragraphs 1-46 above as though fully set forth herein.

48.     The University's mark "UW" is famous in Wyoming and entitled to protection under the Wyoming dilution statute, § 40-1-115.

49.     Defendants' commercial use of the University's famous trademark began long after the University's Mark became famous and causes and will continue to cause dilution of the distinctive quality of the University's famous trademark.

50.     Defendants continue to use the University's famous trademark with knowledge of the University's superior rights, but without the University's authorization.  Defendants thus willfully intended to trade on the University's goodwill and reputation and to cause dilution by blurring, and also potentially by tarnishment, of the University's famous trademark and otherwise acted in a willful and wanton disregard of the University's established and superior rights.

51.     Defendants' unlawful actions constitute a violation of the Wyoming dilution statute, § 40-1-115.

52.     The University has been and will continue to be harmed irreparably by Defendants' unlawful actions and has no adequate remedy at law.

## IX. <u>PRAYER FOR RELIEF</u>

WHEREFORE, the University prays for judgment in its favor and against Defendants as follows:

16

A.    That Defendants, their agents, servants, officers, directors, employees, attorneys, privies, representatives, successors, assigns and parent and subsidiary corporations or other related entities, and any and all persons in act of concert or participation with any of them, be preliminarily and permanently enjoined from:

1.  Any further use of the mark or name "UW", "University of Wyoming" or any other mark or business name or mark that is confusingly similar thereto;

2.  Directly or indirectly using the mark or business name "UW", "University of Wyoming" or any confusingly similar mark or material, either alone or in combination with other marks, symbols or trade dress;

3.  Any further use of the term "UW" or "University of Wyoming" as part of any domain name;

4.  Performing any action or using any name, mark, symbol, imagery or slogan which is likely to cause confusion, mistake or to deceive or otherwise mislead the trade and/or public into believing that the University and Defendants are one and the same or in some way connected, or that the University is the sponsor of Defendants or that Defendants are in some manner affiliated or associated with or under the supervision or control of the University, or that Defendants' services originate with the University or are connected or offered with the approval, consent, authorization or under the supervision of the University;

5. Marketing or selling any service or material containing or utilizing the University's intellectual property or;

6. Any other conduct constituting unfair competition, trademark infringement, dilution or misrepresentation of the University's property;

B. That Defendants be ordered to deliver up to the University for destruction or certify destruction of all materials that contain the "UW" or "University of Wyoming" marks;

C. That Defendants be ordered to file with the Court and serve on the University within thirty (30) days of entry of an injunction a report in writing, under oath, setting forth the detail, manner and form in which Defendants have complied with any ordered injunction;

D. That the University be awarded costs and expenses incurred in prosecuting this action, including expert witness fees and attorney's fees under relevant law; and

E. That such other and further preliminary and permanent relief be awarded to the University as the Court deems appropriate.

Respectfully submitted,

Dated: _4/11/2013_                    By: _____

Allen Gardzelewski, WBS No. 5-2167
CORTHELL AND KING, P.C.
221 S. 2nd Street
P.O. Box 1147
Laramie, WY 82073-1147
(307) 742-3717
(307) 742-5641 (facsimile)
alleng@wyoming.com

Robert R. Brunelli (*pro hac vice* pending)
Patricia Y. Ho (*pro hac vice* pending)
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO  80202-5141
(303) 863-9700 telephone
(303) 863-0223 facsimile
rbrunelli@sheridanross.com
pho@sheridanross.com
litigation@sheridanross.com

Attorneys for Plaintiff University of Wyoming